ADAM DIETRICH *vs.* THE BALTIMORE AND HALL'S SPRINGS RAILWAY COMPANY. ANDREW J. DIETRICH *vs.* THE BALTIMORE AND HALL'S SPRINGS RAILWAY COMPANY.

*Street car—Accident to Passenger—Evidence—Declarations of an agent—Res Gestæ—Contributory negligence— When defendant is entitled to have the case Withdrawn from the Jury.*

In an action against a street passenger Railway Company for an injury to a boy, which occurred while he was getting on a car of said Company, the plaintiff offered in evidence the declarations of the driver of the car, as to the cause of the accident. The declarations were made about half an hour after the accident occurred, and were offered as evidence in chief, and not for the purpose of contradicting the driver, who had not been examined as a witness for the defendant. On objection, it was HELD:

1st. That the evidence was inadmissible.

2nd. That the declarations formed no part of the *res gestæ;* and the power of the driver to make such declarations as to affect his principal, was not to be inferred from his simple employment to drive and conduct the car.

Where the evidence produced to establish negligence on the part of the defendant, establishes at the same time, and as part of the plaintiff's case, the want of reasonable care on his part in producing the injury complained of, and but for which want of care the injury would not have occurred, neither he, suing as a minor, nor his father can have any right of action against the defendant.

Where there is no conflict in the testimony, and all the material facts come from the plaintiff himself, there is nothing for the jury to find in respect to the cause of the injury; and if it appears from the evidence thus adduced by the plaintiff that an act of his own which amounted to negligence *per se*, caused, or directly contributed to the production of the injury complained of, the defendant is entitled to have the case withdrawn from the jury.

APPEALS from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before STONE, GRASON, MILLER, ALVEY, ROBINSON and RITCHIE, J.

*William Rowland,* and *Malcolm H. Johnston,* for the appellants.

The company invited the accident by the grossest sort of negligence in running a car with a step missing from the place where it usually was, and where but for such negligence, it would have been. There was not a want of ordinary care on the part of the appellant Andrew, directly contributing to the accident. *B. & O. R. R. Co. vs. State, use of Trainor,* 33 *Md.,* 542, 553–4.

The Court of Appeals in *McMahon vs. The Northern C. R. R. Co.,* 39 *Md.,* 449, says "cases may and sometimes do occur in which the uncontradicted evidence proves such a glaring act of carelessness on the part of the plaintiff as to amount in law to contributory negligence, and in such it is the duty of the Court, when requested, to decide the question without the intervention of a jury." But

it is submitted that there is no such glaring act of care-
lessness on the part of this appellant. It is not a very
careless act for a boy fourteen years old to get on the
front platform of a horse car going slowly. These horse
cars are not to be invested with all the dangers of a steam
railroad train in motion.

It should have been left to the jury to decide whether,
under all the circumstances in this case, the appellant
(Andrew,) did not use all the care and caution that could
have been reasonably expected from one of his age and
intelligence. *B. & O. R. R. vs. State, use of Fryer*, 30
*Md.*, 47; *Balto. City P. R. W. Co. vs. McDonnell*, 43 *Md.*,
534; *B. & O. R. R. Co. vs. Breinig*, 25 *Md.*, 378; *Mor-
gan vs. Ills. & St. Louis Bridge Co.*, 5 *Dillon, C. Ct.*,
96; *Donoho vs. Vulcan Iron Works*, 7 *Mo. App.*, 447;
*Brennan vs. Fair Haven & Westville R. Co.*, 45 *Conn.*,
284, 299.

The case of *Casey vs. N. Y. Central, &c., R. R. Co.*, 6
*Abbotts' New Cases, page* 104, was an action for causing
the death of a girl, in the fifteenth year of her age, of the
weight and size of a woman. The Court say, "the Judge
charged that the deceased was a bright girl of fourteen,
and that the jury were to exact of her the care and judg-
ment which a bright girl of fourteen years of age ought to
have exercised under the circumstances of the case—to
which the defendant excepted. He also charged abso-
lutely that she ought to have looked before she went
upon the track. I think, as applicable to the facts of this
case, that the rule which the Judge laid down was cor-
rect, and that the defendant was not entitled to have the
jury instructed, that she was to be held to the same care
and prudence as an adult." Pages 127 and 128. See
also further remarks of the Court, pages 128 and 129, of
same report. See also *O'Mara vs. Hudson River R. R.
Co.*, 38 *N. Y.*, 447; *Mowrey vs. Central City R. R.*, 51
*N. Y.*, 667; *Reynolds vs. N. Y. Central R. R. Co.*, 58 *N. Y.*,

252; *McGovern vs. N. Y. Central R. R. Co.,* 67 *N. Y.,* 421; *Rockford, &c. R. R. Co. vs. Delaney,* 82 *Ill.,* 198; *McMillan vs. The B. & M. R. R. Co.,* 46 *Iowa,* 231; *Railroad Company vs. Gladmon,* 15 *Wall.,* 401, 408; *St. Louis & Southeastern C. Co. vs. Valerius,* 56 *Ind.,* 518; *Bronson vs. Town of Southbury,* 37 *Conn.,* 202, 203.

The same amount of prudence and care cannot be expected from a boy of fourteen years of age, that would be from a person of more mature years. Any boy, under the circumstances, would have acted just as Andrew Dietrich did. The invitation of the driver "get on here," was sufficient to overcome any hesitation he might have felt about running the risk. Apply this to the case of the father; when he sent his boy to the city he had. a right to expect that neither by the act of the company, nor of its agents, would his boy be lead into danger. His boy was injured by and through the act of an agent of the company, drawing him into a trap, which the gross negligence of the company had set for him.

The invitation of the driver and the condition of the step was the proximate cause of the injury. "If the negligence of the defendant was the proximate, and that of the deceased the remote cause of the injury, the action is maintainable, notwithstanding the deceased may not have been entirely without fault. This principle is well settled by many well considered cases. The mere negligence or want of ordinary caution on the part of the deceased, would not dis-entitle the plaintiff to recover, unless it was such that, but for such negligence or want of ordinary caution, the misfortune would not have happened. Nor, if the defendant might, by the exercise of care on its part have avoided the consequences of the neglect or carelessness of the deceased." *N. C. Ry. Co. vs. State, use of Price,* 29 *Md.,* 420, 435, 436.

Contributory negligence does not dis-entitle an infant to recover for any injury sustained, otherwise than where

such injury is sustained entirely by the negligence of the infant. *Gardner vs. Grose*, 1 *F. & F.*, 359; *Lynch vs. Nurdin*, 4 *P. & D.*, 672; *Coleman vs. Southeastern R. Co.*, 12 *Jur. N. S.*, 944.

Under the circumstances in this case, the age of the boy, the invitation of the driver, &c., the company is liable.

In the case of *Brennan vs. The Fair Haven Railroad Company*, 45 *Conn.*, 284, the plaintiff, a boy ten years and eleven months old, was riding free on the front platform of a horse railroad car, with the knowledge of the conductor and driver, the latter having requested him to hand in a package at a place they were to pass. Before quite reaching the stopping place for this purpose, the plaintiff jumped off the platform and fell under the car and was hurt, it was held that the plaintiff could recover. *Lovet vs. Salem & South Danvers R. Co.*, 9 *Allen*, 557; *Kline vs. C. P. R. Rail. Co.*, 37 *Cal.*, 400; *Lambeth vs. N. C. Railroad Co.*, 66 *N. C.*, 494.

The relation of carrier and passenger undoubtedly existed. Neither an entry into the cars upon a railroad, nor the payment of the fare, is essential to create the relation of carrier and passenger. *Gordon vs. Grand Street & Newtown Railroad Co.*, 40 *Barb.*, 546; *Jeffersonville Railroad Co. vs. Reilly*, 39 *Ind.*, 568.

If the injury was the result of negligence on both sides, then, as the passenger's own fault was contributory to it, he can recover nothing unless the managing agents saw his perilous condition, and might, by ordinary diligence have prevented the injury. *Kentucky Central Rail. Co. vs. Dill*, 4 *Bush*, (*Ky.*,) 593.

*W. Hall Harris*, and *J. Morrison Harris*, for the appellee.

The proffered testimony of the witness, John H. Dietrich, was properly rejected by the Court below. It was

hearsay, and inadmissible under the settled rules governing such testimony. It was further inadmissible because it was not part of the *res gestœ.* It is proved to have occurred twenty minutes or half an hour after the accident, and not "*dum fervet opus.*" *Bradford & Williams vs. Williams,* 2 *Md. Ch. Dec.,* 3, 4; *Franklin Bank vs. The Navigation Co.,* 11 *Gill & Johnson,* 28, 32, 34, *and cases cited.*

So also was the statement of the driver himself not "*original,*" but "hearsay" testimony. And it does not bind the defendant company, because "his declaration was no part of the driver's act for which his employer was sued, it was not made at the time of the act, so as to give it quality and character," but "was made after the alleged wrong was complete," and would have submitted to the jury a material fact, other than that complained of, upon the mere declaration of an agent of the defendant. *Luby vs. R. R. Co.,* 17 *N. Y. Reps.,* 131, 133, &c.; *Furst vs. R. R. Co.,* 72 *N. Y. Reps.,* 542; *R. R. Co., vs. Hinton,* 33 *Indiana,* 335, 354; *Laur vs. Bryant,* 9 *Gray,* 245, 247; *Sims vs. R. R. Co.,* 28 *Georgia,* 94; *Lund vs. Tyngsborough,* 9 *Cush.,* 36; *Moore vs. Meacham,* 10 *N. Y.,* 210; *Enos vs. Tuttle,* 3 *Conn.,* 250; 1 *Thompson on Negligence,* 398.

Declarations of an engineer, some time after accident, are inadmissible,—defendants were in no way bound by his confessions, *they* were not within the scope of his agency and were made some days afterwards; they were therefore only the declarations of a third person, and mere hearsay. *Robinson vs. R. R.,* 7 *Gray,* 92, 96.

Agent's declaration does not bind principal unless made *at the very time,* and concerning the *res gestœ.* *Story on Agency, secs.* 135, 136, 137.

Declarations of an agent *at the time of the transaction* are binding on the principal, but what he says at another time is not admissible. *Thallheimer vs. Brinkerhoff,* 4

*Wend.*, 394. Nor are statements of a deputy sheriff not made *in the performance* of an official act. *Baker vs. Binninger*, 14 *N. Y.*, 270. So also this Court has held, that declarations by a *third party* though made *immediately after* the commission of an assault, were inadmissible. *Byers vs. Horner*, 47 *Md.*, 32, 33.

No contractual relation existed between the parties, and only reasonable care and diligence was obligatory on the defendant. *B. & O. R. R. vs. State, use of Miller*, 29 *Md.*, 260; *B. & O. R. R. vs. Breinig*, 25 *Md.*, 378.

Plaintiff is not entitled to recover if the accident could have been avoided by the exercise of such care by him as might, under all the circumstances, have been reasonably expected from one of his age and intelligence. In other words, if there was neglect or default on the part of the boy or the absence of that prudence which boys of like age and capacity usually exhibit, the defendant is not liable, although, by the exercise of extraordinary care on its part, the accident might have been prevented. *State, use of Coughlan vs. B. & O. R. R. Co.*, 24 *Md.*, 84, 103. Again: No justification of the plaintiff's act can be based upon the invitation of the driver. No such invitation was within the scope of his employment. It was also against the explicit regulation of the company, which he must be presumed to have known, and which regulation the equitable plaintiff proves to have been posted in the car inside of which he says he frequently rode, and which he says might have been there before the time of the accident. *B. C. P. Ry. Co. vs. Wilkinson*, 30 *Md.*, 232, 233, 234. But irrespective of any regulation, the plaintiff was in possession of his senses and was bound to exercise them. *Downey vs. Hendrie*, 46 *Michigan*, 498; *B. & P. R. R. Co. vs. State, use of Stansbury*, 54 *Md.*, 648.

The non-liability of the defendant is clearly established by the plaintiff's own testimony, which shows not only that

there was nothing to prevent his entering the car by the rear platform, at three or four different points, but that *he attempted to get on by the front platform while the car was in motion.*

This was an act of gross carelessness, unquestionably constituting contributory negligence on his part, and, it is respectfully insisted, is fatal to his recovery. *N. C. Ry. vs. State, use of Price,* 29 *Md.,* 420, 437; *Lewis vs. B. & O. R. R.,* 38 *Md.,* 588, 598–9; *P. & C. R. R. Co. vs. State, use of Andrews,* 39 *Md.,* 329, 343; *Klipper & Webster vs. Coffay,* 44 *Md.,* 117.

The law that a party cannot recover for injuries to which his own negligence directly contributed, is well settled in this case. *B. & O. R. R. Co. vs. Bahrs,* 28 *Md.,* 647; *State, use of Foy vs. P., W. & B. R. R. Co.,* 47 *Md.,* 76; *Northern Central Railway Co. vs. State, use of Burns,* 54 *Md.,* 113; *Lewis vs. B. & O. R. R.,* 38 *Md.,* 588, 599; *State, use of Hamelin vs. Malster & Reaney,* 57 *Md.,* 287; *B. & O. R. R. Co. vs. State, use of Stansbury,* 54 *Md.,* 648.

At most, the proof goes to show "concurrent or combined negligence," in which case the plaintiff is not entitled to recover. *People's Railway Company vs. Green,* 56 *Md.,* 84; *Klipper & Webster vs. Coffay,* 44 *Md.,* 117, 130; *N. C. Ry. vs. State, use of Price,* 19 *Md.,* 420–435.

ALVEY, J., delivered the opinion of the Court.

There were two actions brought—one by the father, and the other by the son, the son being a minor,—against the defendant, for an injury received by the son, caused by what was alleged to be the negligence of the defendant, or its agent. The two actions, by agreement, were consolidated, and were tried together; and at the trial, at the close of the testimony, the Court instructed the jury that the evidence was legally insufficient upon which to found a verdict for the plaintiffs, and a verdict was thereupon rendered for the defendant.

The defendant owned and operated a horse railway between the City of Baltimore and Hall's Springs, in Baltimore County, and the plaintiff, Andrew Jackson Dietrich, a youth of about fifteen years of age, in February, 1879, in attempting to get on the car while in motion, had his foot mashed and quite seriously hurt; and it is for this injury that both the father and the son have brought actions, founded upon the alleged neglect of the defendant or its agent, as the cause of the injury. A man by the name of Bowers was the driver and conductor of the car at the time the accident occurred.

In the course of the trial, a question arose upon the offer by the plaintiffs to prove certain declarations of Bowers, the driver, made to the brother of the party injured, about half an hour after the injury received, as to the cause of its occurrence; the proffered declarations being to the effect, that the plaintiff was hurt because the step was broken off the car, and that he, the driver, would not have told the plaintiff to get on if he had thought of the step being off. Upon objection, the Court held these declarations to be inadmissible, and the plaintiffs excepted.

We know of no principle upon which the Court could have held otherwise than it did. It does not appear that the driver had been examined as a witness for the defendant, and the declarations were not, therefore, offered to impeach his testimony. They were offered by the plaintiff as evidence in chief; but as such they were clearly inadmissible. There was no necessary connection between the declarations offered and the act complained of; the declarations in no manner forming any part of the res gestæ; and the power of the driver to make such declarations to affect his principal is not to be inferred from his simple employment to drive and conduct the car. The principle is undoubted, that whatever the agent does in the prosecution of the business entrusted to him, or within

the scope of his employment, though it be done negligently and improperly, is to be regarded as the act of the principal; and the rule is briefly, but clearly and correctly stated by Judge Story, (*Sto. Ag., sec.* 134,) that "where the acts of the agent will bind the principal, there his representations, declarations, and admissions, respecting the subject-matter will also bind him, *if made at the same time, and constituting part of the res gestœ.*" But an act done by an agent cannot be varied, qualified, or explained, either by declarations or admissions made by him, which amounts to no more than a mere *narrative of a part occurrence*, or by an *isolated* conversation held, or an *isolated* act done, at a subsequent time. 1 *Tayl. Ev., sec.* 526. Here the declarations of the driver offered did not accompany the act complained of, but were made subsequently, in an isolated conversation, and which amounted to no more than a mere narrative of a past occurrence. They were therefore clearly inadmissible; and the cases all so hold, including our own. *Franklin Bank vs. Steam. Nav. Co.,* 11 *Gill & J.,* 28, 34; *Fairlee vs. Hastings,* 10 *Ves.,* 123; *Steam Packet Co. vs. Clough,* 20 *Wall.,* 528; *Luby vs. Hudson R. R.,* 17 *N. Y.,* 131; *Robinson vs. Fitchburg R. Co.,* 7 *Gray,* 92. If any fact, material to the interest of either party, rests in the knowledge of an agent, it is to be proved by his testimony, and not by his mere assertion; and in this case, instead of offering the unsworn declarations of the driver of the car, he should have been called as a witness.

The facts of the case, as shown in proof, were shortly these: The defendant's car had a platform at each end, and steps to get thereon only from one side, the other side being railed. The step to one of the platforms had been broken off the day before the accident; and on the occasion when the accident occurred, the platform with the broken step was the front platform, occupied by the driver. The party injured intended going into town, and

instead of remaining on the side of the road in front of his father's premises, where he lived, and there waiting, and from thence entering the car from the rear platform, which was open on that side, and by which he admits he could have readily and easily entered the car, he took a different position, and attempted to get on the car by the front platform, which had the step broken off. He made the attempt to get on the front platform by the invitation or direction, he says, of the driver, though when specially interrogated as to this, he does not say that the driver told him to get on the front platform, but only to get on. To state the case in the language of the plaintiff himself, who was the principal witness, he says,— "I was standing waiting for the car, and as it came along, and got right opposite to me, Mr. Bowers, the driver in charge of the car, said to me, 'get on Jackson;' and on taking hold of the front platform and handle of the car, and stepping for the step, I stepped right down on the rail, and the car passed over me. I know Bowers very well, and was in the habit of riding with him in the cars a good deal. As the car approached, he said, 'get on Jackson,' or something similar to that; I do not know the exact language. I then attempted to get on the car, and I put my foot where the step ought to be, and my foot went down to the ground,—fell upon the track, and the wheel of the car ran over my foot. I was not thrown down by the car, but was standing up when the car passed." The step to the platform was entirely off, and this was plainly apparent to the observation of any one, as was shown by the plaintiff's witnesses, the two McGuffins. The plaintiff, as witness, further stated,— "He told me to get on. Except that, I could have waited and got on the rear platform, without any trouble. It was the simple invitation of the driver that induced me to get on the front platform. Could not say how often I had ridden on the front platform with this driver;

I was always called on to ride on the front platform; it was my habit to ride on the front platform by invitation of the driver. I rode frequently inside both the city and county cars. The car was going very slowly when I attempted to get on." The accident occurred between 10 and 11 o'clock in the day. This was the whole evidence that related to the occurrence of the accident.

Now, conceding that there was negligence on the part of the defendant in running the car with a broken or an insufficient step to the front platform, and that there was fault in the driver in not stopping the car upon the approach of the plaintiff, the question is, did the plaintiff so directly contribute to the happening of the accident by his own want of ordinary and reasonable care, as to preclude the right of recovery for the injury suffered? This is not a question that arises upon conflicting evidence, or where inferences might be drawn from the proof of indirect circumstances, in which cases the question would be exclusively for the jury; but it is a question that arises upon the plaintiff's own narrative of the facts attending the occurrence, and which, therefore, may be taken to be in all respects true as against him. The evidence produced to establish the negligence on the part of the defendant, establishes at the same time and as part of the plaintiff's case, the want of reasonable care on his own part in producing the injury complained of, and but for which want of care the injury would not have occurred. His want of caution, and his reckless disregard of the danger in attempting to board the car, while in motion, would clearly appear to have been the direct cause of the accident. He was old enough to know and understand the risk that he incurred; and if he had used his eyes he could not have failed to perceive that the step had been broken from the platform. Under such circumstances neither he nor his father can have any right of action against the defendant. The invitation of the driver to

get on could be no justification to the plaintiff for incurring the risk that was open and apparent to his senses. The liability of the defendant was conditioned upon the exercise of reasonable and proper care and caution on the part of the plaintiff; and without the latter the former, under the facts of this case, could not arise. If a party thinks proper to make an experiment, under circumstances of peril open and known to him, and which he could have reasonably avoided, it is no injustice that he is required to bear the consequences of his own act. The case falls fully within the principle and reasoning of the case of *The Railroad Co. vs. Jones,* 95 *U. S.,* 439, 443.

There being no conflict in the testimony, and all the material facts coming from the plaintiff himself, there was really nothing for the jury to find in respect to the cause of the injury; and as it is apparent from the evidence thus adduced by the plaintiff, that an act of his own, which amounted to negligence *per se* caused or directly contributed to the production of the injury complained of, the defendant was entitled to have the case withdrawn from the jury. And as that was done by the instruction given, we must affirm the judgment.

*Judgment affirmed.*

(Decided 11th July, 1882.)

ROBINSON and RITCHIE, J., dissented.