## THE MAYOR AND ·CITY COUNCIL OF BALTI-MORE *vs.* PHILIP LOBE.

*Evidence—Res Gestæ—Right of Trial Court to Amend Prayer as Offered.*

A statement made by a person injured in an accident while being treated therefor in a drug store two or three blocks distant from the place of the accident and an unascertained time thereafter is not ad-missible as a part of the *res gestæ*.

Although a prayer as offered correctly states the law applicable to the case, yet the trial court has the right to change its language so as to state the same principle in other words.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.) There was a verdict below for the plaintiff for $2,000. The plaintiff's first prayer was that: "if the jury find from the evidence that the defendant caused a trench to be dug in the bed of a public street or thorough-fare in the city of Baltimore called Pratt street, for the pur-pose of laying therein a water main, and that thereafter the said trench was negligently and improperly filled up by the defendant's servants, and that by reason thereof the soil therein was soft and said street was thereby rendered dangerous and unfit for public travel thereon, then it was the duty of the defendant by proper guards, notice or pre-caution to warn the public of such dangerous condition of said street, so as to prevent injury and damage to persons using the same and exercising due care; and if they further find that the defendant did not by proper guards, notice or precaution warn the public of the dangerous con-

dition of said street (if they find it was dangerous), and that on the 21st day of October, 1897, the plaintiff drove a horse hitched to a carriage across and upon said Pratt street at its intersection with Wolfe street, and that said horse sunk in said trench so as to throw the plaintiff forward in said carriage and dislodge a rein in his hand, whereby the horse became unmanageable, so that thereby the plaintiff was precipitated from his carriage into the street and injured, and that said injury was directly caused by the negligence and want of care of the defendant, its agents and servants in the premises, and without negligence or want of care on the part of the plaintiff directly thereunto contributing, then the plaintiff is entitled to recover. (*Granted.*)

*Plaintiff's Third Prayer.*—That the care and caution required of one driving on a public street is simply such as persons of common prudence ordinarily exercise under similar circumstances. (*Granted.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*John V. L. Findlay*, for the appellant.

*William Colton* and *Marcus Kaufman* for the appellee.

PAGE, J., delivered the opinion of the Court.

This suit was brought by the appellee to recover damages for injuries to him while driving along Wolfe street, near Pratt, in the City of Baltimore, caused, it is alleged, by the negligence of the City in not maintaining that street in proper repair.

At the point where the accident occurred, the street had been dug up for the purpose of laying water mains, and it is charged that the trench made, though filled to the surface, had not been properly repaired, so that when the plaintiff attempted to drive over it, his horse sank in the soft earth, and becoming frightened, ran away. The

plaintiff was thrown from the vehicle and injured at or near the place where the horse started, but his servant, one Anderson, who was with him, remained in the carriage until " the horse reached the block below where the buggy over-turned," and he was thrown out.   After the plaintiff was thrown from the carriage, the horse turned into Pratt street.   So that the point where the servant Anderson came to the pavement was on that street a " block below " Wolfe.   Both Lobe and Anderson, then went or were taken to Baker's drug store, " on the block below the scene of the accident."   Officer Gordon at the time of the accident was on the northwest corner of Lombard and Wolfe streets.   He testifies that " a party came to him and informed him there was an accident on Pratt street, that he immediately went there and *seen* a crowd in front of Baker's drug store, and that he went in and Mr. Lobe was sitting in a chair and Mr. Baker was fixing his head up, bandaging it up."   The officer further testified that he saw the young man Anderson with Mr. Lobe, and asked the former how it happened.   On objection being then interposed, the Court asked the counsel for the City, if he wanted " to contradict any statement of the young man."   The counsel, then stated that it was not offered for the purpose of " contradicting " the witness, but as " part of the case," as " part of the *res gestæ*."   The Court allowed the witness to state that the young man had made " admissions " to him as to how the accident occurred, but declined to permit the officer to give what the young man said.   This is the basis of the defendant's first exception.

It is claimed the Court committed error in so ruling, because the statement of the young man to the officer as to how the accident occurred, was made so near to the time of the happening, and sprang so spontaneously out of the incident itself that any idea of deliberate design in making it was impossible ; and that therefore it was admissible, as being contemporaneous with the main fact, and a part of the *res gestæ*.   This Court has more than once stated the

rule applicable to a case of this kind. *Handy* v. *Johnson*, 5 Md. 450 ; *Dietrich* v. *The Hall Springs Ry. Co.*, 58 Md. 347 ; *Franklin Bank* v. *Steam Nav. Co.*, 11 G. & J. 28. The latest case where the Court has had occasion to further consider the matter is that of *Wright* v. *The State*, 88 Md. 706. It would be profitless to examine separately all these cases, as well as the cases from other Courts. They do not substantially differ in their statements of the rule. All agree that to make the declaration a part of the *res gestæ* it must be so connected with the transaction as to be reasonably a part of it ; it must not be the result of premeditation or design, but the "immediate spur" of the transaction ; and though it need not appear that it was spoken at the identical point of time when the principal fact happened, yet it must have been made so soon thereafter as fairly to be a part of the transaction, and therefore elucidating and explaining it. But if the declaration was made after the main occurrence had ceased, and there is no necessary connection between it and the principal event, it is then nothing more than a narrative of a past occurrence, and is not admissible as a part of the *res gestæ*.

Now the evidence shows that the accident to Mr. Lobe occurred near the corner of Wolfe and Pratt streets, and the boy was thrown from the vehicle, a "block below." Both were taken to Baker's drug store, " on the block below the scene of the accident." Officer Gordon was also a block distant at the time he was informed an accident had occurred. When he reached the drug store the occurrence was entirely over ; he says he found a crowd had gathered in front of the store ; Lobe was sitting in the chair and Baker was bandaging up his head. He had some conversation with Lobe (of what duration does not clearly appear), and then turned to the young man and asked " how it happened." While it does not appear how much time had elapsed since the happening of the accident (and therefore the proximity in point of time to the main event is not made to appear), it is clear there had been considerable

time and several events.    Both of the parties had traversed
a block or more to the drug store; and the officer after
being informed had come from at least an equal distance.
Moreover, time enough had passed for a crowd to assemble
at the drug store, and for the druggist to be quietly en-
gaged in " fixing up " Lobe's head.    It cannot be pre-
sumed that absolute silence had in the meantime been
observed by the parties and the persons assembled.    How
many conversations the former may have had while trav-
ersing the streets or while in the drug store, we are not in-
formed ; but it is clear there was time enough for several to
have taken place.    Under these circumstances, it would
seem to be unreasonable to presume there was any casual
relation of the proposed statement of the young man to
the main event, or that there was any connection with it
with respect either to time or locality.    His declaration to
Officer Gordon made at that time and under the particular
circumstances could not in any manner tend to elucidate
the principal act and so "give color and definiteness to it."
It could be in fact nothing more than a narrative of a past
occurrence.    For the same reason it could not be admitted
on the ground that the young man was the agent of the
plaintiff.    For the principal to be bound by the declara-
tions of the agent, they must be made at the same time
and constitute a part of the *res gestæ.    Dietrick* v. *B. & H.
S. R. Co., supra.*

We find no error in the instructions granted by the
Court.    The form of the plaintiff's third prayer was ap-
proved in *Balt. & Yorktown T. Road* v. *Parks,* 74 Md. 286.

The modification of the Court in the defendant's third
prayer, was a change of form only, and did not modify the
law.    As offered, the jury were to be told, that "if the
plaintiff did not use reasonable care and diligence, and the
injury complained of could have been avoided had he done
so, then he is not entitled to recover ; " as modified by the
Court, they were told that " if the plaintiff did not use rea-
sonable care and diligence, and the injury complained of

*was directly due to such failure*, then he is not entitled to recover." There is no material difference in saying that if the plaintiff was guilty of negligence which *directly* contributed to cause the accident, and that he was guilty of negligence but for which the injury would have been avoided. For if the accident would have been avoided by the use of care and diligence, it follows that the want of such care and diligence directly contributed to cause it.

We find no error in the record and the judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided January 9th, 1900).