Common Pleas Court of Hamilton County.

Decided December 23, 1933.

MARY KENWOOD V. MARIO TALLURIGO.
CLARENCE H. KENWOOD V. MARIO TALLURIGO.

*J. G. Williams* and *E. Y. Schaber,* for plaintiffs.
*I. Aaronoff,* for defendant.

DARBY, J.

In the first of the above named cases the plaintiff sued to recover for personal injuries; in the second case the action was by the husband of the plaintiff in the first case, for loss of services of his wife and expenses. The defendant denied negligence on his part, and claimed contributory negligence on the part of the wife.

Evidence was offered tending to sustain the issue of both parties in each of the cases.

The court charged the jury to the effect that if it found that the wife were negligent, directly contributing to cause her own injuries, the husband could not recover for the loss of services or expenses.

A general verdict was returned for the defendant in both cases. No special verdict was returned, and it cannot be ascertained now the basis of the jury's verdicts.

In the motion for new trial in the husband's case particu-

lar stress is laid upon the claim that the court was in error in charging the jury that if the wife were negligent directly contributing to cause her injuries, the husband could not recover for loss of services, etc.

Counsel for the plaintiff has at great pains, and by great industry, presented a strong argument to support his claim that the contributory negligence of the wife did not affect the right of the husband to recover. Many of the cases referred to by him in his brief are admitted not to directly touch upon the question involved. The general claim, however, is that the Married Woman's Act by which her so-called "emancipation" resulted, has in some way or other disturbed the general principle of law which seemed to be recognized by the authorities, that where an incidental claim for damages is made the one making the claim cannot recover if the one having the principal cause of action were guilty of contributory negligence.

It would seem that the particular question in this case is settled by the case of *Cleve., Col. & Cin. R. R. Co.* v. *Terry*, 8 O. S., 570. The action was brought by Mr. Terry to recover damages for the loss of his wife's services by reason of injuries suffered by her while traveling as a passenger of the defendant. The defendant claimed negligence of the wife. The report of the case is quite lengthy, and involves much discussion as to the propriety of charges given and refused. The court, speaking through Peck, J., however indicated clearly the opinion of the court that the contributory negligence of the wife was a principal matter involved in the case, and if it appeared, that it deprived the husband of his right of action. On p. 580 the court say:

"The issue before the jury involved the question of the exercise of ordinary care and prudence on the part of Mrs. Terry, and also of the railroad officers. * * *"

On p. 581 the court say:

"Both parties (the railroad company and Mrs. Terry) were bound—the one in running their cars and the other in crossing the track—to the observance of ordinary prudence in order to prevent an injury to either. * * * *

"The jury in this case by their verdict found the defendant below guilty of culpable negligence in the conduct and management of the train, and this would entitle the plain-

tiff below to a verdict and judgment unless Mrs. Terry was also guilty of culpable negligence contributing to the injury."

The court further discusses this subject of the care required of Mrs. Terry on pages 583 and 584, and all the way through indicates very clearly that her negligence contributing to her injury would defeat her husband's claim for damages.

It is claimed, however, that that decision was passed before the rule stated in Ohio that the doctrine of imputed negligence does not apply in this state, and it is also claimed that by the Married Woman's Act referred to this decision has been annulled.

The so-called "imputed negligence" doctrine will be later referred to.

The case of *Chicago, B. & Q. R. R. Co.* v. *Honey*, 63 Fed. Rep. (C. C. A.), 39, was a case identical with the one at bar. The syllabus is as follows:

"Notwithstanding the provisions of McClain's Code of Iowa, Section 3396, that a husband shall not be responsible for civil injuries committed by his wife, and other provisions enabling a wife to hold property, contract and sue in her own name, a husband in an action for loss of wife's services occasioned by the negligence of another will be charged with her contributory negligence."

The court reversed the decision to the contrary in the Circuit Court. An extended discussion of the question involved is to be found in this case, and the court points out that the rights of the husband to recover for loss of services are incidental to the marriage relation, and are based upon his right to his wife's services, and to recover for medical attendance in case of sickness or accident. The court say on p. 42:

"The right of action is incident to the marriage relation and cannot exist without it. We think, therefore, that even if it is the better view that the husband's contributory negligence cannot be imputed to the wife when she sues for her own injuries, yet when the husband brings an action for the loss of society and services which loss was due to the contributory fault of the wife, her want of ordinary care should nevertheless be imputed to the husband on the

grounds heretofore indicated. As the respective rights of action are predicated on different grounds, the one growing out of the marriage relation and the other existing entirely independent of that relation, there is no logical difficulty in holding the husband accountable for the contributory negligence of the wife, although the latter is not responsible for the contributory fault of her husband."

The court distinguishes the case of *Davis* v. *Guarinieri*, 45 O. S., 470, and an Alabama case of a similar nature, and then states on p. 43:

"We do not see that either of these cases has any marked bearing on the question at issue in the present suit, which concerns the right of the husband to maintain a common law action for the loss of the society and services of his wife when she is shown to have been guilty of culpable negligence which immediately contributed to the injury. In cases of the latter character we are of the opinion that the contributory fault of the wife is a valid defense unless it can be made to appear that the rule of the common law in this respect has been changed by some local statute."

Reference to the Statutes of Iowa follows, and the conclusion is reached as above set forth.

The nature of the husband's claim for damage for loss of services of his injured wife is set forth in 13 R. C. L., p. 1412, Section 460 as follows:

"As a general rule a defendant cannot be held liable to a husband for consequential damages resulting to him from an injury to his wife in his loss of her services, etc., unless the defendant would have been liable directly to the wife for the injury to her occasioning the consequential loss to the husband."

In *Jackson* v. *Boston Elevated Ry.*, 217 Mass., 515, there were two actions, one for personal injury by the wife, and the other for the consequential damages alleged to have been suffered by the husband of the plaintiff in the first action. On p. 516 the court say:

"The plaintiff in the second action is not entitled to consequential damages unless his wife, the plaintiff in the first action, can recover for personal injuries suffered while she was a passenger on the defendant's railway."

In that case the wife was injured by the jostling of the crowd as she was attempting to board and was boarding a car of the defendant, causing her to fall over the suitcase of a passenger in the car. The court held that she was not entitled to recover on the evidence, and necessarily that the husband was not entitled to recover.

In *Garrison* v. *Sun Printing & Pub. Assn.*, 207 N. Y. 1, it was held:

"4. Where a wife might have recovered damages for the mental distress and physical sufferings caused by willful and malicious publication of a libel, her husband may maintain an action for loss of her society and services."

This was an action by the husband to recover for loss of services of his wife. In the opinion of the court on p. 4 is the following:

"Inasmuch as plaintiff's right to recover if at all under the circumstances, must in effect be derived through his wife, it will be important in the first place to inquire whether the wife herself might recover for mental distress and physical sufferings resulting from the willful and malicious publication of such libelous words."

The court reached the conclusion that the wife might recover in such case, and therefore the husband had a right of action for loss of services.

But as stated, these cases depend upon the right of the wife to recover, just as in the case of *Cleve., Col. & Cin. R. R. Co.* v. *Terry, supra*, and *Chicago, B. & Q. R. R. Co.* v. *Honey, supra*.

In *Wilson* v. *Goit*, 17 N. Y., 442, it is held:

"The loss of a wife's services from illness, the consequence of mental depression resulting from defamatory words not actionable in themselves, will not support an action by her husband."

Numerous other cases are to the same effect.

In the case of *Chicago B. & Q. R. R. Co.* v. *Honey, supra*, the court say on p. 40:

"In none of the cases last cited was the reason for the rule stated, nor was the subject much discussed. It seems to have been taken for granted that the concurring negli-

gence of the injured party was a sufficient defense to a suit by the husband or parent when suing merely for loss of the services of the injured party or for medical expenses incurred and paid by him in the discharge of his obligation as husband or parent. But the weight to be given to these decisions as authority is not impaired by the fact that the rule stated and applied was not much discussed. On the contrary, the fact that the doctrine applied to the decision of the cases in question was assumed to be correct both by court and counsel may be taken as an expression of the general understanding of the provision that the doctrine is well established and founded in reason."

13 R. C. L., p. 1414, Section 463 states the rule as follows:

"It has been held, and this would seem proper, on principle, that a wife's contributory fault may constitute a defense to an action by her husband for the loss of her society and the expense of her cure, although the statutes have emancipated her from many common law disabilities and relieved the husband from responsibility for civil injuries committed by her."

See also—20 R. C. L., p. 120, end of paragraph 126.

In the brief of plaintiff is cited 1 Sherman & Redfield on Negligence, Section 67, to the effect that in a state where the wife has been relieved of all common law disabilities, and the husband of all responsibility for her torts, the common law rule that the wife's contributory negligence is available against the husband's actions for loss of services does not apply, but the only case cited as supporting that statement is the opinion of the Circuit Court in *Honey* v. *Chicago B. & Q. R. R. Co.*, 59 Fed. Rep., 423, which was specifically overruled in 63 Fed. Rep., 39.

The husband's common law action for loss of services of his wife by reason of the negligent conduct of a third person is no more firmly established than the parent's right to recover for loss of services and expenses of his child injured through the fault of a third person.

Numerous cases have dealt with the question of contributory negligence of the child in an action by the parent for loss of services.

In *Tidd* v. *Skinner*, 225 N. Y., 422, the action was for loss of services of a son by reason of the negligence of the defendant. The court on p. 432 say:

"It is an established general rule of law that where a parent sues for loss of services arising from an injury received by his infant child, damages will not be permitted if the evidence shows that the child's negligence was the efficient cause of the injury." (Cases cited)

*Callies* v. *Reliance Laundry Co.*, 188 Wisc., 376 was an action by a mother to recover for medical services and loss of services of the minor through the alleged negligence of the defendant. The jury found that the minor was guilty of contributory negligence, and judgment was thereupon entered for the defendant. The court say:

"3. A parent whose minor child has been injured through the negligence of another takes by operation of law a part of the child's cause of action which because of the relation of parent and child has been assigned to the parent, and he takes it subject to any defenses which could be urged against the child, including that of contributory negligence."

While it may be that the ground stated by the court as to the derivation of the parent's claim is subject to criticism, yet it is clear that the court established the principle that the contributory negligence of the child will prevent the parent from recovery. The court on page 382 say:

"When the statute passes a whole cause of action from a deceased person to another, it passes it upon equitable principles in the condition in which the deceased left it, that is, subject to the same defenses. It is true that in neither case is the person to whom the cause or a part of the cause of action is transferred to blame. He is free from contributory negligence but he must be content to take what the law gives him. Neither the whole nor a part of the cause of action can be purged from contributory negligence where that exists by merely a legal transfer or assignment."

Plaintiff in the brief devotes much time to the discussion of the law of Ohio that holds against the so-called "imputed negligence" doctrine. As indicated in the last cited case, however, it is unnecessary to discuss the subject of imputed negligence in a case of this character. The husband was not and could not be negligent. The question is, not of imputed negligence, but as to whether, where the wife cannot recover upon the claim for injuries to herself by reason

of her contributory negligence, the husband may yet recover for the incidental or consequential effects of the injuries the wife sustained.

In *Dietrich* v. *Balto. & Hall's Springs Ry. Co.*, 58 Md., 347, two actions were brought, one by a father and the other by a son, a minor, against the defendant for an injury received by the son, also causing loss of services, etc., by the father. On p. 348 the court say:

"Where the evidence produced to establish negligence on the part of the defendant establishes at the same time and as part of the plaintiff's case, the want of reasonable care on his part in producing the injury complained of, and but for which want of care the injury would not have occurred, neither he suing as a minor, nor his father can have any right of action against the defendant."

*Wueppesahl* v. *Conn. Co.*, 87 Conn., 710, was an action for damages to plaintiff's wagon and loss of services of the plaintiff's minor son resulting from personal injuries to him and medical services incurred in his behalf. Upon the evidence the court directed a verdict for the defendant. The court in a very brief opinion say:

"The injuries for which recovery is sought were received while the plaintiff's son was driving the plaintiff's horse and wagon, and were occasioned by a collision between the defendant's trolley car and the wagon. Upon the evidence the jury could not reasonably have found that the son was free from contributory negligence, and the situation is not one in which the doctrine of the last clear chance can be successfully invoked. The verdict for the defendant was therefore properly directed."

In view of the authorities hereinbefore cited, to the effect that the husband may only recover for loss of services in case the wife may recover for injury, cases involving the right to recover for wrongful death are important and illuminating, although that right depends upon statute.

The latest expression by the Supreme Court on this subject is in *C. C. C. & St. L. R. R. Co.* v. *Grambo, Sr.*, 103 O. S., 471. The court in that case holds in line with the well established law of the state, that in such cases the administrator may not recover for the next of kin if the deceased were negligent directly contributing to cause the

death, and this is so even though the deceased is a minor. The statute gives the action to the administrator for the benefit of the next of kin in case an action might have been maintained by the deceased had death not resulted, and yet the well settled law of Ohio is that the next of kin may not recover at all in case of the contributory negligence of the deceased, minor or adult.

In *Moore* v. *Pa. Ry. Co.*, 99 Pa. State, 301, the question arose as to contributory negligence of a minor ten years of age upon the evidence of the plaintiff. The court granted a non-suit on the ground of the boy's contributory negligence.

This subject has been under consideration by Judge Mack of this court in another case in which the same conclusion was reached as was embodied in the charge to the jury in this case, of which complaint is made. The court is of the opinion that no error occurred in giving the charge that the husband could not recover in case of the wife's contributory negligence.

The plaintiff claims that the verdicts are against the weight of the evidence, in that the plaintiff proved negligence, and that the defendant in effect admitted his own negligence. The court does not so understand the evidence. The defendant's claim was that as he was making the turn the plaintiff was about to pass in front of his automobile, and seeing her he stopped, and she stopped, and as she stopped he started forward and then she suddenly started forward and was struck by his automobile.

There were but two witnesses to the accident, the plaintiff on the one side and the defendant on the other.

The jury heard the cases, and the court is unable to say that the verdicts are contrary to the weight of the evidence; or that the evidence proves by a preponderance that the defendant was negligent; or that the preponderance of evidence shows that the plaintiff was guilty of contributory negligence. These were cases where the jury heard the testimony, and decided the cases, and the court cannot now determine the theory upon which the jury decided. It might have been upon either of the issues involved.

The motions for new trial will be overruled.